Matter of the Claim of CHARLES F. JOHNS, Plaintiff, *v.* THE VILLAGE OF SALAMANCA et al., Defendants.

AUGUSTA JOHNS, Plaintiff, *v.* VILLAGE OF SALAMANCA et al., Defendants.

DORA HOY, Plaintiff, *v.* VILLAGE OF SALAMANCA et al., Defendants.

(Supreme Court, Erie Special Term, May, 1910.)

Eminent domain — Condemnation proceedings: Attacking report on extrinsic grounds — Improper acts of party: Confirmation of report — Amounts how far considered.

Where awards by commissioners in condemnation proceedings are midway between the average amounts of the estimates of the witnesses of the respective parties and below computed amounts based on previous receipts for rentals, though the court might fix a lower figure from a consideration of the evidence the awards of the commissioners ought not for that reason to be denied confirmation.

An improper communication signed by one of the claimants and sent to the commissioners making charges against attorneys and witnesses, which two of the commissioners did not read or give attention to and which it does not appear the third commissioner ever read, does not afford a sufficient ground for refusal to confirm the awards of the commissioners and will not be presumed to have influenced them.

MOTION by plaintiffs to confirm report of commissioners to appraise damages to claimants' property by reason of change of grade of street.

Motion by defendants to set aside report of commissioners by reason of improper conduct of claimant Charles F. Johns.

Frank H. Callan and Henry P. Nevins, for plaintiffs.

George W. Cole and Charles C. Congdon, for village of Salamanca.

Thomas H. Dowd and James P. Quigley, for Erie Railroad Company.

Brown, J. In the report of the commissioners to appraise claimants' damages by reason of the change of grade of Main street in Salamanca, dated July 19, 1907, the claimant Charles F. Johns was awarded $2,100 as damages to the fee of his property, and $1,225 as damages to the rental value thereof from the commencement of the work of the change of such street grade, September 1, 1901, to the date of the report; and awards were made in like manner to the claimant Augusta Johns and to the claimant Dora Hoy for damages to the fee and also for damages to rental value. By an order of Erie Special Term, entered November 5, 1907, the report of the commissioners, in so far as it awarded damages to the rental value of claimants' premises, was vacated and set aside, and, so far as it awarded damages to the fee, such report was confirmed; the order also awarded claimants their statutory taxable costs and an extra allowance of five per cent. on the award for damages to the fee. The Appellate Division (in 129 App. Div. 717) reviewed this last mentioned order, directing its reversal and providing for a rehearing before a new commission. From the opinion in the Appellate Division the law of this case seems to be that the claimants are entitled to recover the damages to the fee and the damages for depreciation in the rental value from at least the date of the completion of the work of changing the grade of the street to the time of the award. In pursuance of the decision of the Appellate Di-

vision, a new commission was appointed, a rehearing was had, and reports were made January 31, 1910. In and by such reports the commission awarded Charles F. Johns the sum of $1,670 as damages to the fee of his property and $739.50 as damages to the rental value thereof from the completion of the work of change of grade to the date of the report; to the claimant Augusta Johns, $1,824 as damages to the fee of her property and $870 as damages to the rental value thereof from the completion of the work of change of grade to the date of the report, and to the claimant Dora Hoy $1,216 as damages to the fee of her property and $609 as damages to the rental value thereof from the completion of the work of change of grade to the date of the report.

In opposition to the motions to confirm such reports the defendants urge the objection that the awards are excessive.

While it is true that the awards are more than twice the average amounts stated by the defendants' witnesses to be claimants' damages, yet at the same time they are only about half the amounts stated by claimants' witnesses; while it is true that the awards as rental damages are more than twice the sums stated by defendants' witnesses, yet they are far below the computed amounts based upon the actual receipts for rentals prior to the change of grade. If the amount of fee and rental damage were to be assessed by the court and be solely based upon the testimony presented on this motion it is quite likely that some of the awards would not be as great as determined by the commissioners. Under the statute the commissioners are authorized to view the premises, hear the testimony and ascertain the damages. The awards made by the second commission are a substantial reduction from the awards made by the first commission and no satisfactory reason appears for finding that any of the awards are excessive.

The defendants move to set aside the reports upon the ground of improper conduct of claimants. Shortly after the submission to the commissioners, the claimant Charles F. Johns for and on behalf of himself and the other claimants, without any knowledge on the part of the attorneys

for the claimants or the defendants, delivered to each of the commissioners a paper called his brief, in which he made many extravagant, senseless, unjust and improper charges against the witnesses who had been sworn by the defendants, and against defendants' attorneys calculated by such claimant to prejudice the rights of the defendants and to magnify, exaggerate and intensify the alleged reason why the claimants should be awarded the full damages claimed by them. The defendants now urge that such conduct on the part of the claimant was highly prejudicial to the rights of the defendants and constitutes such an irregularity or fraud as calls for the setting aside of the report. The difficulty with such contention is that, whatever purpose the claimant had to mislead or improperly influence the commissioners appears to have been of no avail. Two of the commissioners did not read the paper and paid no attention to it whatever; it does not appear that the third commissioner read it. The inference is so strong that a conscientious, high-minded man serving as a commissioner would discharge his duty in keeping with his oath, that the presumption that the commissioners were influenced by such a paper cannot be indulged in, especially in view of the fact that the defendants have been unable to demonstrate that such influence has been successfully exerted to their prejudice.

An order may be entered confirming the report of the commissioners in each of the foregoing cases, with taxable costs.

The application for an extra allowance of costs is denied.

Order confirmed and application denied.